| | |
|---|---|
| SARAH LONDON (SBN 267083) | |
| slondon@girardsharp.com | |
| **GIRARD SHARP** | |
| 601 California Street, Suite 1400 | |
| San Francisco, CA 94108 | |
| Telephone: (415) 981-4800 | |
| | |
| ALEXANDRA M. WALSH *(pro hac vice* forthcoming*)* | |
| awalsh@anapolweiss.com | |
| KRISTEN FEDEN *(pro hac vice* forthcoming*)* | |
| kfeden@anapolweiss.com | |
| D. PATRICK HUYETT *(pro hac vice* forthcoming*)* | |
| phuyett@anapolweiss.com | |
| **ANAPOL WEISS** | |
| One Logan Square | |
| 130 North 18th Street, Suite 1600 | |
| Philadelphia, PA 19103 | |
| Telephone: (215) 608-9645 | |
| Facsimile: (215) 735-2211 | |

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| JANE DOE, | Case No.: 4:25-cv-03520-YGR |
| Plaintiff, | **ADMINSTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| ROBLOX CORPORATION; DISCORD INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| JANE DOE, a minor, represented by her proposed court-appointed guardian *ad litem*, MARY DOE, | Case No. 3:25-cv-04329-RFL |
| Plaintiff, | |
| v. | |
| ROBLOX CORPORATION and DOES 1-50, inclusive, | |
| Defendants. | |

ADMINSTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 4:25-cv-03520-YGR

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff Jane Doe ("Plaintiff") files this Administrative Motion to Consider Whether Cases Should Be Related. Plaintiff submits that the action *Doe v. Roblox Corp.*, 3:25-cv-04329-RFL (Notice of Removal filed May 20, 2025) (the "Related Action") is related to this action, *Doe v. Roblox Corp.*, 4:25-cv-03520-YGR (Notice of Removal filed April 22, 2025).

Under Civil Local Rule 3-12(a), an action is related to another action when (1) "[t]he actions concern substantially the same parties, property, transaction, or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These criteria are met here.

While this case includes a defendant, Discord Inc., that is not a defendant in the Related Action, Roblox Corporation ("Roblox") is a defendant in both actions.

The Related Action involves facts, circumstances, legal claims, and issues common to this action. Other than allegations regarding specific facts related to each Plaintiff's sexual exploitation on the Roblox application ("app"), the Complaint filed by Plaintiff in the Related Action is substantially similar to the Complaint filed by Plaintiff here with respect to Roblox.

Plaintiff in the Related Action, like Plaintiff here, alleges:

- That Roblox engaged in a widespread, yearslong campaign of misrepresentations intended to lure parents into believing that the Roblox app was safe for their children;
- That Roblox has been aware for many years that children are frequently targeted and sexually exploited through the Roblox app;
- That she was sexually exploited by a predator who targeted and groomed her through the Roblox app; and
- That Roblox failed to implement effective parental controls and other safety measures that it knew or should have known would prevent sexual exploitation of children.

Plaintiff in the Related Action, like Plaintiff here, also alleges that Roblox breached its duty of reasonable care by, among other things:

- Maintaining unreasonably dangerous features in its app after notice that such features, as structured and operated, posed a foreseeable risk of harm to the physical and mental health and wellbeing of young users;
- Failing to implement effective parental controls;
- Failing to set default settings to the most protective options;
- Failing to provide effective mechanisms for young users and their parents/guardians to report abuse or misuse of its app; and
- Failing to implement effective protocols to verify ages and identities of all users.

Both actions additionally bring claims for Fraudulent Concealment and Strict Liability for Design Defect and Failure to Warn.

Because the Related Action and this action involve substantially the same facts, legal arguments, and claims with respect to Roblox, there will be an unduly burdensome duplication of labor, expense, and judicial resources, as well as potentially inconsistent results, if the cases are conducted before different judges. For example, Roblox will likely make substantially similar arguments in both actions regarding the application of Section 230 of the Communications Decency Act to the legal claims in both actions.

For these reasons, the Related Action should be related to this action.

Date: June 13, 2025

Respectfully submitted,

**GIRARD SHARP**

By: */s/ Sarah London*
Sarah London (SBN 267083)
slondon@girardsharp.com
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

**ANAPOL WEISS**
Alexandra M. Walsh (*pro hac vice* forthcoming*)*
Kristen Feden (*pro hac vice* forthcoming*)*
D. Patrick Huyett (*pro hac vice* forthcoming*)*
One Logan Square

2
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:25-CV-03520-YGR

130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 608-9645
Facsimile: (215) 735-2211
awalsh@anapolweiss.com
kfeden@anapolweiss.com
phuyett@anapolweiss.com

*Attorneys for Plaintiff*

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:25-CV-03520-YGR