SARAH LONDON (SBN 267083)
slondon@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

ALEXANDRA M. WALSH (admitted *pro hac vice*)
awalsh@anapolweiss.com
**ANAPOL WEISS**
14 Ridge Square, NW, 3rd Floor
Washington, DC 20016
Telephone: (771) 224-8065
Facsimile: (215) 735-2211

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION; DISCORD INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 4:25-cv-03520-YGR<br><br>**PLAINTIFF JANE DOE'S STATEMENT IN SUPPORT OF DEFENDANT ROBLOX CORPORATION'S ADMINSTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD**:

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1), Plaintiff Jane Doe ("Jane")[1] respectfully submits this statement in support of Defendant Roblox Corporation ("Roblox")'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 34).

### Background and Requested Sealing

This case involves highly sensitive and deeply personal facts. Jane—who is currently only 18 years old—alleges that she was sexually exploited and abused as the result of Defendants' conduct in marketing, operating, and designing their respective online platforms, Roblox and Discord. The allegations in this case center on the sexual exploitation and abuse that Jane endured as a minor, including online grooming, coerced production of child sex abuse material, and threats of public exposure by an adult predator. *See* Compl. ¶¶ 214-21.

Roblox has moved to compel Jane's claims into confidential arbitration. As part of Roblox's motion to compel arbitration, its supporting declaration, and Exhibit D to the motion, Roblox has included information sufficient to identify Jane. Specifically, in its motion, Roblox includes Jane's usernames on Roblox, *see* Unredacted Mot. 3:7, 4:7, as well as her birthday, *see id.* 8:10-11.[2] And Roblox's supporting declaration reveals Jane's real name, *see* Unredacted Decl. of R. Jit at 2:27, her email addresses, *see id.* at 2:27-28, her Roblox usernames, *see id.* at 2:28-3:1, and her birth date, *see id.* at 3:2, 3:5-6.[3] Lastly, Exhibit D to Roblox's motion includes Jane's Internet Protocol ("IP") addresses and the city, state, and zip code for them, *see* Unredacted Ex. D, which, according to Roblox, show that "the internet protocol ('IP') history for Plaintiff's Roblox accounts is consistent with her city and state of residence." *See* Unredacted Mot. 9:4-6.

Jane respectfully requests that the Court maintain all this information under seal except for three incorrect birth dates for Jane listed in Roblox's supporting declaration. *See* Unredacted Decl. of R. Jit at 3:3-4 ("February 8, 2000," "February 7, 2000," and "February 7, 2007").

---

[1] Jane will soon be filing a motion for leave to proceed in this case using this pseudonym.

[2] Roblox's sealing motion incorrectly states that this information is located on pages "1-2, 9." Dkt. 34.

[3] Roblox's sealing motion incorrectly states that this information is located on pages "8-9." Dkt. 34.

1

PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANT ROBLOX'S ADMIN MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 4:25-cv-03520-YGR

**Applicable Legal Standard**

"A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This Court and others in this District have applied the "good cause" standard in considering whether to seal records attached to a motion to compel arbitration. *See, e.g.*, *In re: Lithium Ion Batteries Antitrust Litig.*, No. 15-CV-02987-YGR, 2016 WL 5791356, at *1 n.2 (N.D. Cal. Oct. 4, 2016) (Gonzalez Rogers, J.) (citing *Kamakana* and applying "good cause" standard to motion to seal associated with motion to compel arbitration); *Wang v. Kahn*, No. 20-cv-08033-BLF, 2022 WL 14814116, at *1 (N.D. Cal. Oct. 25, 2022) ("Because a motion to compel arbitration is only tangentially related to the merits of the case, Plaintiff must show good cause to seal the document."); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *4 (N.D. Cal. Aug. 31, 2015), *aff'd*, 830 F.3d 1335 (Fed. Cir. 2016) ("Because a motion to compel arbitration is not dispositive, 'the good cause standard applies.'"). Courts generally also have broad "powers . . . to issue protective orders limiting disclosure of the party's name under Rule 26(c) 'to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.'" *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-CV-00155-WHO, 2021 WL 1146406, at *2 (N.D. Cal. Mar. 4, 2021) (quoting *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010)). Thus, here, the Court may, for good cause, seal information "to protect" Jane from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Kamakana*, 447 F.3d at 1180 ("Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties.").

**Reasons for Keeping Requested Material Under Seal**

**A.      Legitimate Private and Public Interests Warrant Sealing.**

Jane has a legitimate privacy interest in maintaining her anonymity in this case. Courts have repeatedly held that allegations of sexual abuse justify anonymity and have regularly recognized the importance of protecting the privacy of sexual abuse victims. *See, e.g.*, *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (stating that "fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses" (quoting *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir.

2

1997))); *Doe v. Pasadena Hosp. Ass'n, Ltd.*, No. 218-CV-09648- DDP (SKx), 2018 WL 6831533, at *2 (C.D. Cal. Dec. 26, 2018) ("Plaintiff's . . . allegations of sexual abuse and harassment present special circumstances of a highly personal nature").

All the information that Jane seeks to seal would, if revealed, compromise her privacy interest in maintaining her anonymity as a survivor of sexual abuse. It also would disclose sensitive, personal information about Jane, such as her birth date, email addresses, and location. *See, e.g.*, *Activision Publ'g v. Ug*, No. 22-cv-00051-MWF, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (sealing "personal information" such as "the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy"); *Shannon Cross v. Cent. Contra Costa Transit Auth.*, No. 21-cv-01312-JST, 2024 WL 3658045, at *2 (N.D. Cal. July 22, 2024) (sealing personal information such as "dates of birth," "home addresses," and "email addresses").

Further, the public interest also supports allowing Jane to maintain her anonymity in this case. Permitting "sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes." *M.R. v. Fed. Corr. Inst. "FCI" Dublin*, No. 22-CV-05137-VKD, 2022 WL 5225881, at *2 (N.D. Cal. Oct. 5, 2022) (citing *Penzato*, 2011 WL 1833007 at *5). Here, Plaintiff was sexually exploited and abused by a predator she met on Roblox and communicated with on Roblox and Discord. This case seeks to hold those companies accountable for their failure to protect the public's children from such harm. It is in the public interest to protect and encourage victims of sexual exploitation, harassment, and assault to come forward without the risk of humiliation, harassment, retaliation, further trauma, and unwanted public attention, in order to prevent future victimization of vulnerable children. The public's usual interest in disclosure of parties is thus outweighed by the public's interest in promoting the reporting sexual exploitation and assault, here, of children. *See M.R.*, 2022 WL 5225881 at *1 (collecting cases).

**B.  Jane Faces a Significant Risk of Harm if This Information Is Not Sealed.**

Jane alleges that she was sexually exploited and abused through Defendants' online platforms. *See* Compl. ¶¶ 205-25. Jane has experienced significant psychological distress as a result of this abuse, including ongoing anxiety, humiliation, and fear for her safety. *See id.* ¶¶ 222-24. Jane's exploitation

3

PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANT ROBLOX'S ADMIN MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 4:25-cv-03520-YGR

and abuse included online grooming by an adult predator who coerced her into creating child sex abuse material, including videos of herself performing sexual acts, which was then distributed to other predators. *Id.* ¶¶ 219-20. Public disclosure of her identity and other related information about her, such as her location, would force her to re-live these events under public scrutiny and put her at risk of re-traumatization, humiliation, exposure to the very predator who abused her, online retaliation, and renewed targeting. Public disclosure of these identifying details would have a devastating effect on Jane, including exacerbating the invasion of privacy, humiliation, and psychological and physical harm she has already experienced as a result of Defendants' actions. This potential harm is all the greater given that this litigation, which seeks to hold two of America's preeminent companies liable for pervasive issues of sexual exploitation and assault, "may garner significant media attention." *M.R.*, 2022 WL 5225881 at *2. These harms go well beyond general embarrassment; they pose serious emotional and psychological risks to a survivor of sexual abuse.

**C.     A Less Restrictive Alternative to Sealing Is Not Sufficient.**

Jane seeks to seal only information that would harm her if disseminated publicly, and her proposed redactions are narrowly tailored to that end.

Dated: August 11, 2025                              Respectfully submitted,

By: */s/ Sarah London*
SARAH LONDON (SBN 267083)
slondon@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

By: */s/ Alexandra M. Walsh*
ALEXANDRA M. WALSH
(admitted *pro hac vice*)
awalsh@anapolweiss.com
**ANAPOL WEISS**
14 Ridge Square, NW, 3rd Floor
Washington, DC 20016
Telephone: (771) 224-8065
Facsimile: (215) 735-2211

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Sarah London*
      *Sarah London*

5
PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANT ROBLOX'S ADMIN MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 4:25-cv-03520-YGR