**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ROBLOX CORPORATION CHILD SEXUAL**
**EXPLOITATION AND ASSAULT LITIGATION**                MDL No. 3166

**TRANSFER ORDER**

**Before the Panel**:[*]  Plaintiff in the Northern District of California *Jane Doe* action, No. 3:25-cv-05753, moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California.  The litigation consists of 31 actions pending in twelve districts, as listed on Schedule A.  The Panel also has been notified of 48 related actions.[1]  All responding plaintiffs, in the first instance or in the alternative, support centralization in the Northern District of California; plaintiffs in five actions or potential tag-along actions also variously suggest the Western District of Missouri, the Eastern District of Pennsylvania, or the Northern District of Ohio.  Defendants Roblox Corporation, Discord Inc., Snap Inc., and Meta Platforms, Inc., oppose centralization and, if an MDL is created, agree that it should be centralized in the Northern District of California.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Plaintiffs in these actions allege that they (as minors) or their minor children were sexually exploited and, in some cases, assaulted by child predators who targeted and groomed them through the highly popular Roblox gaming platform.  Plaintiffs contend that, having established a connection with the minor plaintiffs on Roblox, the predators then persuaded the minors to continue their interactions, and often to exchange sexually explicit images, on a second platform such as Discord, Snapchat, or Instagram, or via texting or video-calling on a cellular phone.  Plaintiffs assert substantially identical claims for fraudulent and negligent misrepresentation, negligence, failure to warn, and design defect.

These actions will involve common questions of fact concerning the extent of Roblox's knowledge that its platform was being used by child predators to target and groom children, whether Roblox made false representations that Roblox is safe for children to use, whether Roblox had the means to implement effective parental controls and safety features (such as age and identity

---

[*]  Judge Madeline Cox Arleo did not participate in the decision of this matter.

[1]  These and any other related actions are potential tag-alongs.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

- 2 -

verification) that would have prevented the sexual exploitation of children, and whether Roblox provided adequate warnings about the risks of sexual exploitation associated with children's use of its platform. Those actions that involve a second, non-Roblox platform defendant will involve highly similar factual questions regarding their respective platforms. Questions such as the technological feasibility of enhanced child safety features likely will be highly complex and to require extensive fact and expert discovery. Centralization will avoid duplicative discovery and *Daubert* motions regarding this and other issues.

In opposing centralization, defendants argue that any common issues of fact will be overwhelmed by factual variations among the cases. They contend that the platforms at issue, the specifics of the incidents of sexual exploitation, and the statements regarding the platforms' safety allegedly relied upon by plaintiffs vary from case to case. In addition, defendants state that they will move to compel arbitration in many, if not all, cases; that the terms of their arbitration provisions have been amended multiple times over the years; and that the enforceability of the provisions will depend on case-specific considerations such as the nature and date of the sexual exploitation and the manner in which plaintiffs assented to the arbitration terms. These variations, they argue, will require that the arbitration motions by resolved on a case-by-case basis. Defendants suggest that informal coordination is both feasible and preferable to centralization.

We do not find these arguments persuasive. Although defendants' platforms have distinct features and controls, it is not uncommon for product liability MDLs, including those involving video games and social media platforms, to involve a number of different defendants and products. *See, e.g., In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022). Moreover, that many of the actions involve more than one defendant and platform does not weigh against centralization, particularly given that plaintiffs assert an indivisible injury resulting from the use of defendants' products. Absent an MDL, the complexities of managing such multi-defendant, multi-product actions would not be avoided, but instead would be spread among multiple courts in multiple districts. Centralization thus will conserve the resources of the parties, their counsel, and the judiciary. The transferee court can address differences among the platforms by establishing separate discovery and motion tracks as it deems appropriate.

Centralization also will allow coordinated handling of pretrial motions on several cross-cutting issues. Defendants likely will raise overlapping defenses in all or most actions, such as whether plaintiffs' claims are barred by Section 230 of the Communications Decency Act or the First Amendment, whether defendants have a duty to protect users from the actions of third-party predators, and whether the acts of such third parties are superseding causes of plaintiffs' injuries. And despite defendants' contention that motions to compel arbitration will not be susceptible to coordinated handling, efficiencies likely can be gained by having a single court preside over all such motions. For instance, bellwether motion practice may be possible, as the motions likely can be organized into tracks involving different fact patterns. It also may be possible to resolve some common issues, such as whether the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act forecloses the possibility of arbitrating these claims, with combined briefing covering most or all actions.

- 3 -

Nor are we convinced by defendants' suggestion that informal coordination is preferable to centralization of the actions. This litigation currently consists of nearly 80 actions and potential tag-along actions pending across eighteen districts before dozens of judges. At least fifteen different plaintiffs' firms are involved thus far. Further actions seem likely, particularly as the Louisiana, Kentucky, and Texas attorneys general recently have filed actions against Roblox based on its alleged failure to take sufficient steps to ensure the safety of minors.[2] In these circumstances, centralization may be only means to ensure effective coordinated handling of the cases.

The Northern District of California is an appropriate transferee district for this litigation. Movant and all responding plaintiffs, in the first instance or in the alternative, prefer centralization there. Defendants, too, request the Northern District of California as the transferee district if an MDL is created. Nineteen of the 31 actions are pending there, as are 24 potential tag-along actions. Defendants Roblox, Discord, and Meta are headquartered in the district, and Snap is headquartered nearby, in Santa Monica. We assign the litigation to Chief Judge Richard Seeborg, a highly experienced transferee judge who presides over a pending action. We are confident that he will manage these proceedings efficiently.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Richard Seeborg for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | |

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by: _____
Deputy Clerk
Date: 12/12/2025

---

[2] In addition, the Florida attorney general has commenced a criminal investigation of Roblox based on similar contentions, and the Oklahoma attorney general reportedly is initiating an investigation.

**IN RE: ROBLOX CORPORATION CHILD SEXUAL
EXPLOITATION AND ASSAULT LITIGATION**          MDL No. 3166

## SCHEDULE A

Central District of California

JANE DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−07154

Northern District of California

DOE, ET AL. v. ROBLOX CORPORATION, C.A. No. 3:25−04329
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−05753
JANE DOE R.M., A MINOR, REPRESENTED BY HER GUARDIAN AND NEXT
    FRIEND, JANE DOE Z.O. v. ROBLOX CORPORATION, ET AL.,
    C.A. No. 3:25−06087
DOE S.G., ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−06812
DOE M.P, ET AL. v. ROBLOX CORPORATION, C.A. No. 3:25−06886
JANE DOE GS 1 v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07143
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07174
DOE I.V., ET AL. v. ROBLOX CORPORATION, C.A. No. 3:25−07192
DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07291
DOE Z.P., ET AL. v. ROBLOX CORPORATION, C.A. No. 3:25−07393
DOE M.J., ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07486
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07686
DOE, A MINOR, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07852
DOE D.M., ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07859
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07909
M.S. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07925
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07899
DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 4:25−03520
DOE A.L., ET AL. v. ROBLOX CORPORATION, C.A. No. 4:25−07676

Northern District of Georgia

DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 1:25−04953

Southern District of Iowa

T.T. v. ROBLOX CORPORATION, C.A. No. 4:25−00314

Western District of Michigan

DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−00208

- A2-

Eastern District of Missouri

DOE G.C. v. ROBLOX CORPORATION, C.A. No. 4:25−01402

Western District of Missouri

J.S. v. ROBLOX CORPORATION, C.A. No. 6:25−03254

Northern District of Ohio

DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 5:25−01980

Western District of Oklahoma

A.E., ET AL. v. ROBLOX CORPORATION, C.A. No. 5:25−00959

Eastern District of Pennsylvania

DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−04256

Northern District of Texas

DOE v. ROBLOX CORPORATION, C.A. No. 3:25−02175

Southern District of Texas

DOE v. ROBLOX CORPORATION, C.A. No. 1:25−00172
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−00128